Case 2:12-cv-01774-TLN-CMK   Document 10   Filed 04/11/13   Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON MORRIS,                              No. 2:12-CV-1774-TLN-CMK

    Plaintiff,

  vs.                                    FINDINGS AND RECOMMENDATION

V. MINI, et al.

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2012, the undersigned order plaintiff to submit a complete application for leave to proceed in forma pauperis, or pay the appropriate filing fee. If plaintiff chose to file an application to proceed in forma pauperis, he was cautioned that it appeared he would be barred from proceeding in forma pauperis and he would need to explain how he meets the immanent danger standard pursuant to 28 U.S.C. § 1915(g). Plaintiff's application (Doc. 8) is now pending before the court, but he has not explained how he would meet the imminent danger exemption, as discussed below.

       The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner was, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied or revoked under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."[1]

---

[1] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed. Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

This court has found plaintiff ineligible to proceed in forma pauperis, as have other district courts. See e.g., Morris v. Green, Case No. 2:12-cv-2448-JAM-CKD, Morris v. Woodford, No. C07-4198 MJJ (PR), 2008 WL 906560 (N.D. Cal. Apr. 2, 2008).

In this action, plaintiff complains about falsified documents used in a rules violation report, as well as a classification committee decision as to whether to return plaintiff to the yard or house him in the secured housing unit. He does not seek injunctive relief nor has he suggested he is under any imminent danger of serious physical injury, even after the court suggested that such an explanation was required.

Based on the foregoing, the undersigned recommends that plaintiff's motion to proceed in forma pauperis (Doc. 8) be denied, plaintiff be barred from proceeding in forma pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g), and this case be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.

---

filed within 30 days of the final judgment being appealed. The Ninth Circuit did not address this problem.

1 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2013

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE