IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,                                             No. 2:12-cv-1774-TLN-CMK

       Plaintiff,

  vs.                                                                      ORDER

V. MINI, et al.

       Defendants.

                                     /

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

       Plaintiff seeks the appointment of counsel (Doc. 24). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff has demonstrated sufficient ability to articulate his claim. While it appears he has received assistance from other prisoners, the undersigned cannot say plaintiff would be incapable based on the information before the court. The taking of psychotrophic medication, antidepressants and pain medication do not necessarily prevent plaintiff from articulating his claims. If plaintiff needs additional time to respond, he may so request as he has done. As to the specific issues in this case, the court finds his claims to be vague as currently plead in his complaint. It appears the deficiencies are not due to his inability to articulate his claim, but rather stem from the lack of facts set forth in the complaint. His claims appear to relate to areas of the law that are fairly well-settled and not overly complex, at least as the undersigned understands the facts in this case. At this early stage of the proceedings, especially in light of the findings and recommendations issued concurrently recommending the complaint be dismissed with leave to amend, the undersigned cannot say that plaintiff is likely to prevail in the lawsuit. However, if plaintiff successfully files an amended complaint which states a claim, he may be able to renew his request for appointment of counsel. However, until such time, the undersigned does not find the required circumstances for appointment of counsel at this stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 24) is denied.

DATED: February 25, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE